# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY JOHN VENERI, JR.,** : | |
|     Petitioner, : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-3561** |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** : | |
|     Respondent. : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                **AUGUST   19, 2020**

      Anthony John Veneri, Jr., a prisoner at SCI-Laurel Highlands, filed a Petition for a Writ of Mandamus against the Commonwealth of Pennsylvania, in which he essentially challenges his state convictions.  As it appears Veneri cannot afford to pay the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.[1]  For the following reasons, the Court will dismiss Veneri's Petition as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      Veneri "was convicted in 1979 of robbery, kidnapping, larceny, firearms violations, and various other charges related to two separate bank robberies which occurred in July 1978." *Veneri v. Fulcomer*, Civ. A. No. 90-2402, 1990 WL 156546, at *1 (E.D. Pa. Oct. 10, 1990).  He has repeatedly challenged his convictions in state and federal court, without success.[2]  *Id.*; *see,*

---

[1] As Veneri is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Petition if, among other things, it is frivolous.  A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[2] Veneri's abusive litigation behavior has been acknowledged by the United States Supreme Court and the United States Court of Appeals for the Third Circuit.  *See In re Veneri*, 531 U.S. 810 (2000) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee

*e.g.*, *Veneri v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 19-2029 (May 23, 2019 Order) dismissing Veneri's fifteenth *habeas* petition as second or successive). The instant mandamus petition is yet another effort by Veneri to attack his decades-old convictions.

However, "[a] mandamus petition is not the appropriate vehicle for attacking [his] conviction." *In re: Veneri*, 3d Cir. No. 18-3546 (Mar. 19, 2019 Order) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam)). Furthermore, to the extent Veneri brings his Petition pursuant to 28 U.S.C. § 1361, that statute only provides for mandamus relief against federal employees or agencies. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories"). Veneri should also be well aware of the fact that only the Court of Appeals for the Third Circuit can grant him authorization to file a second or successive *habeas* petition. *See, e.g.*, *Veneri*, E.D. Pa. Civ. A. No. 19-2029 (May 23, 2019 Order). In sum, there is no legal basis for granting Veneri's Petition, so the Court will dismiss it with prejudice as frivolous. An Order follows.

**BY THE COURT:**

  */s/ Eduardo C. Robreno*    
**EDUARDO C. ROBRENO, J.**

---

required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1."); *In re: Veneri*, 3d Cir. No. 18-3546 (Mar. 19, 2019 Order) ("[W]e caution [Veneri] that he could face sanctions and filing restrictions if he continues to submit repetitive and vexatious filings to this Court.").